IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-164-BO

| | |
|---|---|
| JUANITA MALPASS,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)    **O R D E R**<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 16, 18]. A hearing on this matter was held in Raleigh, North Carolina on May 13, 2015, at which the Commissioner appeared by video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits on April 3, 2012, alleging disability beginning September 1, 2008. [Tr. 181–84]. Her date last insured was December 31, 2010. [Tr. 211]. These applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 7, 2013, at which plaintiff amended her alleged onset date to March 24, 2009. [Tr. 31]. The ALJ rendered an unfavorable decision on June 7, 2013, and the Appeals Council denied Ms. Malpass's request for review on June 6, 2014, rendering the ALJ's decision the final decision of the Commissioner. Ms. Malpass now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether there is substantial evidence to support the

Commissioner's findings and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity from her alleged onset date through her date last insured. [Tr. 13]. Ms. Malpass's depression, degenerative joint and disc disease, and obesity qualified as severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. [Tr. 14–15]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a modified range of medium work, limited to simple, repetitive tasks with no climbing ladders or scaffolds. [Tr. 15]. The ALJ then found at step four

2

Case 7:14-cv-00164-BO   Document 24   Filed 05/27/15   Page 2 of 4

that Ms. Malpass was unable to do her past relevant work as a dry cleaner. [Tr. 18]. Relying on the testimony of a vocational expert, however, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff was capable of performing, laundry worker, dishwasher, and janitor. [Tr. 19]. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

Plaintiff alleges that the ALJ erred by failing to include non-exertional limits in the RFC that addressed plaintiff's mental limitations. Social Security Regulation 96–8p explains the process an ALJ is to follow in formulating an RFC. It specifically states that the limitations identified in connection with an ALJ's finding as whether a claimant meets a listing "are not a residual functional capacity assessment," and requires an ALJ to "assess [a claimant's] work-related abilities on a function-by-function basis," including "a narrative discussion describing how the evidence supports each conclusion . . . ." SSR 96–8p.

Here, the ALJ determined that Ms. Malpass had moderate deficiencies of concentration, persistence, or pace at step three. [Tr. 15]. The only mental modification the ALJ included in the RFC, however, was a limitation to simple, repetitive tasks. [*Id.*] As the Fourth Circuit recently noted, a person's limitations in concentration, persistence, and pace are not addressed by a limitation to simple, repetitive tasks. *Mascio v. Colvin*, 70 F.3d 632 (4th Cir. 2015). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Accordingly, the ALJ did not include any limitations in the RFC for Ms. Malpass's limitations in concentration, persistence, and pace, and did not explain why Ms. Malpass's limitations did not translate into a limitation in her RFC. This was error.

3

As in *Mascio*, "because the ALJ here gave no explanation, a remand is in order." *Id.* Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ failed to explain his reasoning regarding Ms. Malpass's mental limitation. Upon remand, the Commissioner is to address the effect of plaintiff's limitations as to concentration, persistence, and pace on her RFC and formulate appropriate non-exertional limitations as necessary.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED, defendant's motion for judgment on the pleadings [DE 18] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 26 day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4